## In re WELLER.
### No. 5246.

District Court, S. D. Illinois, S. D.
July 31, 1931.

Knotts & Knotts, of Springfield, Ill., for objectors.

C. V. Cardosi, of Springfield, Ill., and R. N. McConnell, of Chicago, Ill., for trustee.

FITZHENRY, District Judge.

This certificate for review is sued out by Waverly Building & Loan Association. The certificate presents the following questions:

(1) Did the referee err in failing to pass upon the merit of said objections or either or any of the same?

(2) Did the referee err in finding that the objector, this petitioner, was in court by its attorney at the time of the filing of the report of sale and was in court at the time of the entry of the order of distribution and in overruling the objections of the petitioner or either or any of them?

(3) Did the referee err in finding that the attorney for the objector agreed to the allowance and payment of all fees and expenses, including the taxes and attorneys' fees?

(4) Did the referee err in the findings of fact and conclusions as set forth in the last paragraph of the referee's finding and order, and did the referee err in overruling the objections of the petitioner herein?

The Waverly Building & Loan Association was the mortgagee in two mortgages, the first for the sum of $786.66, with interest and penalties due, and the second mortgage to secure the sum of $1,478.72, together with interest and penalties due. The trustee in bankruptcy filed a petition with the referee for a rule upon the Waverly Building & Loan Association to show cause why the real estate covered by its mortgages should not be sold free and clear of all incumbrances. The petition recited the fact that the property in question had been appraised by the appraisers appointed by the referee, at the sum of $4,500. Upon being served with notice of the rule, the association filed its answer, admitting that it was the mortgagee in the two mortgages and neither admitted nor denied the other material allegations contained in the order.

The answer contained a paragraph reciting that the mortgage provided that in the event of litigation concerning the property to which it might be necessary for the association to become a party it would be reimbursed by the mortgagor for its costs and expenses, including a solicitor's fee. The order was made, directing the trustee to marshal liens and incumbrances and to sell the real estate in question free therefrom, and providing in the order that the costs, expenses, trustee's fee, referee's compensation, reasonable attorney's fee for the trustee's attorney, and a reasonable attorney's fee for the bankrupt's attorney for services rendered in connection with the proceeding should be allowed. The order also directed that the proceeds be applied in the following order:

(1) To the payment of the costs, expenses, trustee's fees, referee's compensation, sales cost and expenses, and reasonable attorney's fee for the trustee's attorney and for the bankrupt's attorney.

(2) From the proceeds of the sale of the real estate designated as parcel 1: (a) To the payment of the mortgage made to the Waverly Building & Loan Association; (b) any excess above the cost and mortgage is to be accounted for in the trustee's final report.

The sale was held August 10, 1929, at 2 p. m., at Palmyra, Ill., and the highest and best bid received therefor was $2,425, being 53.8 per cent. of the appraised value. The

sale was approved August 12th by the referee. Upon August 20th a proceeding was had upon the distribution of the proceeds. A very substantial bill of expenses incident to the conduct of the sale was approved, including trustee's commission on the sale, $88.50, a 3 per cent. fee to an auction sales company for selling the property for the trustee, allowances for automobile hire for the appraisers, $100 attorney's fee for bankrupt's attorney, $100 for the trustee's attorney, and $100 for the mortgagee's attorney, as well as the personal taxes of the bankrupt paid by the trustee, the total bill of costs being $730.72, incident to the sale of a piece of property which produced $2,425.

The amount of indebtedness due and owing to the building and loan association and secured by the two mortgages at the time of the sale was $2,307.49. A representative of the association attended the sale and bid that amount. It was raised, however, so that the bid accepted was $117.51 over and above the amount of the mortgage indebtedness due the association.

A consideration of the report of sale shows that the sum of $730.72 was expended to collect $117.51, for the benefit of general creditors. In other words, that the amount of the sale produced $613.11 less than the costs allowed: and the amount of the deficit is deducted from the amount due the Waverly Building & Loan Association.

The rule in such cases has heretofore been laid down in this district in Matter of Bruce Sewing Machine Co., 2 F. Supp. 330, where it was held: The expense of foreclosure or sale of the bankrupt's property free and clear of mortgage liens and the costs of administration in bankruptcy are to be paid out of the general estate, if there is one, rather than out of the fund derived from the sale of mortgaged or lien property. Where there is no general fund, it has become established that the lien fund is liable for no costs except such as would have been incurred had the mortgage or lien been foreclosed in the state court.

In this case, by the procedure to sell mortgaged property the sum of $117.51 was procured for the benefit of the general fund, which was sufficient to pay only a small portion of the bill of costs as allowed.

The record discloses that the appraisers fixed the value of the property in question at $4,500. This finding was sufficient to give the court jurisdiction in the premises, but the referee and trustee and the attorneys in procuring the sale did so at their own hazard. It is apparent that the building and loan association had a valid claim and that the value of the property was more than the amount of the indebtedness due. So that in any event, whether the mortgagor went into bankruptcy or whether the association foreclosed in the state court, there was sufficient value back of the mortgage to meet the claim. So far as this record shows the property in question was the only property owned by the bankrupt which had any value at all over and above the incumbrances and other valid liens.

The referee allowed an attorney's fee to the mortgagee's attorney, E. Etter, in the sum of $100, which, according to the terms of the mortgage, was only collectable from the mortgagor. He allowed an attorney's fee for the bankrupt's attorney in the sum of $100, which is also charged up to the building and loan association.

As valuable and meritorious as the services of bankrupt's attorney may have been, I know of no rule of law that will permit the penalizing of a valid lienholder to the extent of having him pay bankrupt's attorney's fee.

It is claimed that the bill of costs was agreed to by the Waverly Building & Loan Association, through its attorney. The answer filed by the association simply sets up the rights of the building and loan association and asks no affirmative relief. It is apparent that the answer was filed because there had been a rule ordering the association to come into court and set up its rights. It might be possible that in a conversation with the trustee the attorney consented to the allowance to him of a fee of $100, upon the theory that there might be a recovery of an amount sufficient to pay the costs of administration in addition to the satisfaction of the lien indebtedness due the association, by the sale. If it had been otherwise, it seems that a reasonable person would have been impressed that the attorney was acting wholly without authority. The association came in because it was ordered in; it sought no affirmative relief, but offered no resistance to the referee and officers of the court doing the best they could to procure assets for the benefit of the general fund. It seems to the court that these things are so apparent that they should have put the referee upon inquiry. In the light of that fact, all of the questions submitted must be answered in the affirmative.

In this case there is only available for the payment of costs the sum of $117.51, together with a sum equal to the costs and allowances which would have been payable to

the master in chancery in the state court incident to the sale of mortgaged property at foreclosure sale. Whatever that sum aggregates may be deducted from the amount of the lien fund of the Waverly Building & Loan Association.